UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    JOEL HRAMIEC,                                   Case No. 08-20910-dob
                                                         Chapter 7 Proceeding
                  Debtor.                            Hon. Daniel S. Opperman
_____/

OPINION REGARDING MOTION FOR DAMAGES FOR CREDITOR MISCONDUCT

        On June 10, 2008, the Debtor filed a Motion for Damages for Creditor Misconduct Against Gray & Gray, P.C. The same day, the Debtor filed a similar Motion for Damages for Creditor Misconduct Against North Central Area Credit Union. Gray & Gray filed an Objection on June 18, 2008, and this Court conducted a hearing on July 10, 2008. At the July 10, 2008, hearing, the Court concluded that the automatic stay pursuant to 11 U.S.C. § 362 was violated. The Court made a tentative conclusion that a portion of damages incurred by Debtor were in the amount of $200.00 and directed counsel for Debtor to file an application for attorney fees and costs that would also constitute the Court's calculation of damages. Debtor's counsel filed an Application for Compensation on July 17, 2008, and Gray & Gray filed an Objection to that Application on August 6, 2008. In its Objection, Gray & Gray has indicated that it does not wish to have a hearing in regard to the attorney fees and costs. The Court agrees with the conclusion of Gray & Gray in regard to the need for a hearing and issues this Opinion after review of the pleadings filed in this action.

        Debtor's counsel's Application requests fees in the amount of $2,750.00, and expenses of $33.44. In its Objection, Gray & Gray takes issue with the hourly rate stated in the Application of $225.00 and points out other deficiencies in the Application. In particular, Gray & Gray directs this Court to its previous decision in *In re Michigan Windows & Siding, Inc.*, Case No. 07-20142. In

*Michigan Windows*, Debtor's counsel sought attorney fees in the amount of $175.00 which this Court determined to be reasonable given the Debtor's counsel's experience. The Court was not asked in *Michigan Windows* to determine if a higher rate would be reasonable, merely that the requested rate would be reasonable under the circumstances, which this Court concluded was indeed the case.

The Court has reviewed a number of fee applications requesting fees based on an hourly rate ranging from $150.00 to $300.00 per hour. Since the Debtor's counsel's Application fits within this range, the Court accepts as reasonable the hourly rate stated by Debtor's counsel in the Application. The Court, therefore, overrules the Objection of Gray & Gray as to the hourly rate requested by Debtor's counsel.

As for the various time entries contained in the Application, the Court does note that some of these entries are excessive under the circumstances. On May 10, May 15, and May 18, 2008, Debtor's counsel devoted 1.5 hours, .7 hours (first entry only), and .5 hours to research, draft, and finalize the motion and brief ultimately filed with the Court, for a total of 2.7 hours. On June 9, 2008, the Application states that Debtor's counsel spent .5 hours providing services of: "Finalize motion, cos, noh, customize brief for Hramiec/Gray motion; convert all to PDF; t/c with client re: filing same". The Court finds this entry instructive as compared to the backdrop of the other Motion filed by the Debtor in this case, as well as other motions filed by Debtor's counsel in other cases as stated by Gray & Gray. From these entries, it is clear to this Court that Debtor's counsel has devoted a considerable amount of time researching actions involving violation of the automatic stay and becoming an expert in that area. These efforts are commendable, but should also allow Debtor's counsel the advantage of using this specialized knowledge and spreading the cost of that knowledge across numerous files. Accordingly, the Court determines that of the 3.2 hours requested, 1 hour

is appropriate for the entries of May 10, May 15, May 18, and June 9, 2008, as they relate to the researching and drafting of the motion and brief. The Court will, however, allow the .3 hours spent on May 15 for telephone conference with the Debtor.

The Court also notes there are entries on June 10, June 18, and June 19, 2008, totaling .7 hours in regard to e-filing and downloading various pleadings and documents. Although the Court previously allowed the hourly rate of $225.00 for Debtor's counsel's services, the Court finds that these services are clerical in nature and will not be allowed.

Accordingly, the Court determines that 2.9 hours of the Fee Application will be disallowed. Since Debtor's counsel has requested attorney fees of $2,750.00, of which $652.50 is attributed to the time entries described in this Opinion, the Court will allow attorney fees of $2,097.50. Costs and expenses of $33.44 are appropriate and reasonable and are also allowed.

The Court will enter an Order consistent with this Opinion.

**Signed on August 21, 2008**

                                                          **/s/ Daniel S. Opperman**
                                                        **Daniel S. Opperman**
                                                        **United States Bankruptcy Judge**